# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LEE GRANT, III, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | C.A.No. 1:19-CV-350 |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, et al, ) | District Judge Baxter |
|     Defendants. ) | |

## MEMORANDUM OPINION

**Procedural History**

On November 25, 2019, Plaintiff William Lee Grant, III, acting pro se, filed a motion seeking leave to proceed in forma pauperis, along with a civil rights complaint. ECF No. 1. As part of the screening process on a motion for in forma pauperis status, the Court must review the complaint.

**Standards of Review**

This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that § 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations that are "fanciful," "fantastic," and "delusional" are considered "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

1

Evaluating motions to proceed in forma pauperis under 28 U.S.C. § 1915 is a two-step process. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." *Id.* (internal citation omitted). So only after the district court grants the request to proceed in forma pauperis may it dismiss the complaint as legally frivolous. *See Jackson v. Brown*, 460 Fed. Appx 77, 79 n.2 (3d Cir. 2012) ("As a procedural matter, therefore, the District Court should have addressed Jackson's [in forma pauperis] motion before dismissing the complaint as frivolous, rather than deny the [in forma pauperis] motion as moot after dismissal.").

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a pro se plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the pro se plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007). The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts in the

2

complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (internal citation omitted).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)* ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Despite this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

**Assessment of Plaintiff's motion for leave to proceed in forma pauperis**

In his motion, Plaintiff states that he cannot pay the filing fee associated with this case. Based on this averment, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and therefore his motion for leave to proceed in forma pauperis will be granted.

**Assessment of Plaintiff's Complaint**

In his Complaint brought pursuant to § 1983, Mr. Grant names the Central Intelligence Agency and the Special Collection Service. Mr. Grant, who lives in Illinois, alleges a vast

3

conspiracy violating his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.[1]

Mr. Grant's complaint begins with the allegation that President Ronald Reagan directed the Secretary of Defense to create Mr. Grant to predict future nuclear attacks and that after he was created in 1990 at the Air Force Systems Command, Mr. Grant was transferred to the basement of the Pentagon. ECF No. 1, ¶¶ 7-8. Mr. Grant explains that two years later the Secretary of Defense "dropped [him] off" in Springfield, Illinois with two individuals "to be beaten; endure psychological warfare; and to be the DOD's witness to the 9/11 terrorist attacks." *Id.* at ¶ 10.

Mr. Grant's allegations become more fanciful as the complaint goes on. He was forced to stab a doctor in 2002 [*id.* at ¶ 15], he was forced to "act gay" for seven years [*id* at ¶ 17], the state of Illinois filed multiple DUI charges against him in 2009 [*id.* at ¶¶ 19-25], he was sexually assaulted by two people in 2003 [*id.* at ¶ 36] and by two other individuals in 2014 [*id* at 37]. Mr. Grant goes on to make allegations about Donald Rumsfeld, Dick Cheney, Bill Clinton, Hillary Rodham Clinton, Richard Daley, Philip Mountbatten, Louis Farrakhan, Courtney Love, O.J. Simpson, Henry Kissinger, Chris Christie, and many others. Mr. Grant blames the Central Intelligence Agency for the assassination of President Kennedy and the Arab Spring. *Id.* at ¶¶ 68-69. Mr. Grant seeks ninety-nine trillion dollars in damages. *Id.* at ¶ 73.

Mr. Grant's allegations satisfy the very definitions of the terms "fanciful," "fantastic," and "delusional." *See Grant v. Central Intelligence Agency*, 2019 WL 5847138, at *2 (D.Utah,

---

[1] This case is similar to several other cases Plaintiff has filed in federal district courts across the country in the last two years. Some courts have held that Mr. Grant is "a serial filer of frivolous litigation in various federal courts across the country." *See Grant v. Central Intelligence Agency*, 2019 WL 6218676 (E.D. Mi. Nov. 21, 2019) *citing Grant v. U.S. Dep't of Transportation*, 2019 WL 1009408 (E.D. Tex. Jan. 28, 2019).

4

Oct. 17, 2019) ("the complaint centers on baseless assertions of overnment conspiracy and is a collection of factual allegations that are fanciful, fantastic and delusional."); *Grant v. Central Intelligence Agency*, 2019 WL 5391470, at *1 (S.D. Ill. Oct. 22, 2019) ("Here, the fundamental problem is that Grant's allegations are frivolous. Grant detailed his attempts to file a similar rendition of this complaint on numerous occasions before courts across the country, including previously in this Court [ ]. Nothing about this most recent filing before the Court transforms his claims from frivolous to non-frivolous."); *Grant v. Central Intelligence Agency*, 2019 WL 6050830, at *2 (E.D. Mo. Nov. 15, 2019) ("Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible. The Court concludes that the allegations are clearly baseless.... Additionally, this case appears to be part of a pattern of abusive litigation that plaintiff has recently engaged in all over the country. The Court will therefore dismiss the complaint as frivolous …").

The complaint will be dismissed as frivolous and Plaintiff will not be permitted to amend his complaint as any amendment would be futile. An appropriate Order follows.